<div style="margin-left:auto">NEW ORLEANS<br>v.<br>FASSMAN.</div>

The material question is, whether the revenues derivable from a cotton press are " income," within the meaning of the Act of 1856, " to authorize the corporation of the city of New Orleans, to tax real and personal property." Session Acts of 1856, p. 109.

This Act declares : That all real and personal property located within the corporate limits of the city of New Orleans, shall be liable to taxation, subject to the exemptions specified in this Act.

Sec. 2. That the term real property, as used in this Act, shall be construed to include land, slaves and buildings, machinery and structures of every kind, erected upon or affixed to the same.

Sec. 3. That the term personal property, as used in this Act, shall be construed to include all household furniture, silver plate, goods, capital, incomes, public stocks and stocks in corporations, moneyed or otherwise, and, generally, all property which is not real.

Sec. 4. That the term income, as used in this Act, shall be construed to include and be confined to all monies, salaries, wages, pay, commission, brokerage and fees received in compensation of services or labor rendered, and all revenues and dividends received upon stocks in money corporations not taxable under this Act.

We are of opinion that it was not the intention of the Legislature to tax real property under the term of land, slaves, &c., and then to tax under the term of incomes the profits realised from such land, slaves, &c.

It would be double taxation, first to tax property to the extent allowed by law, and then to tax the profits derived from such property.

The tax of three hundred dollars on income, but which is in reality a tax upon the revenues of the cotton press, cannot be allowed, because the compensation for compressing cotton is derived, not from the *personal* services of the owners of the press, in the sense of this statute, but from the use of the press, drays and slaves‚ used in carrying on the business of a cotton press, which press, drays and slaves, have been already taxed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed ; and that the plaintiff recover from defendants eighty-two dollars and fifty cents, with one per ˙cent. per month interest thereon, from the thirteenth day of July, 1858, until paid, and costs of the lower court, with privilege on the property described in the tax receipts sued on, for payment of the same ; and that plaintiff pay the costs of appeal.

---

THOMAS RIDGE *v.* CHARLES E. ALTER et al.

Where a defendant is sued as silent partner in a commercial firm, service of citation on the Clerk of the firm is not sufficient.

Where there is no proof of the authorization of an attorney to defend a suit, and such authorization is denied on oath by the defendant who was not legally cited, a judgment against the defendant will be annulled.

APPEAL from the Sixth District Court of New Orleans, *Howell, J.*
    J. N. *Brickell,* for plaintiff and appellant. *Durant & Hornor,* for defendant.

COLE, J.   Plaintiff sues to annul a judgment on two grounds : first, because he was never cited ; and second, because the attorney who appeared for him and defended the suit, was not authorized by him.   The injunction obtained by plaintiff against the execution of the judgment was dissolved, and he has appealed.

It appears that *Charles E. Alter*, in 1857, sued *José Salé* for a bill of groceries, and alleged that at the date of the sale, *José Salé* transacted a commercial business with *John Ridge*, as a silent partner, and was liable with *Salé* for the bill, and asked for judgment against both.   *Alter* obtained judgment, but by consent it was set aside, and a new trial granted.

*Alter* then filed a supplemental petition, in which he alleged that *Thomas Ridge*, a brother of the said *John Ridge*, was also a partner with *Salé* at the time the articles in the bill were sold.   There was judgment *in solido* against *Salé* and *Thomas Ridge*.

An execution having issued, it was arrested by the injunction sued out by *Thomas Ridge*, in the present case.

I. The return on the citation to *Thomas Ridge*, is as follows :

" Received, May 5th, 1857, and on the 6th day of the same month and year, served copy of citation and original, with supplemental petition, on *Mr. Thomas Ridge*, through his brother, *John Ridge*, and who accepting personal service for his brother, *Thomas Ridge*, and he being [***] at the time of service.

"WILLIAM ALBERT, Deputy Sheriff."

[Between " being" and " at" in the return, there is a clerical omission ]

There is no proof that *John Ridge* was authorized to accept service for *Thomas Ridge*.

*Thomas Ridge* has annexed to his petition of injunction his oath, that he was never cited, and never authorized any attorney to defend him in the suit.

The service on *John Ridge*, considered as a Clerk, is not good, because *Thomas Ridge* is sued as a silent partner, and firms alone can be cited in that manner. C. P. 198 ; 1 An. 146.

II. *Mr. Elliot*, the attorney who filed the answer for *Thomas Ridge*, states, that *John Ridge* handed him the petition, and said it was at the request of his brother, *Thomas Ridge*, and *Judge Beecher* also informed him that *Thomas Ridge* wanted him (*Elliot*) to attend to the suit with him.

There is no proof that *Thomas Ridge* ever directly employed *Mr. Elliot*, and he has denied it under oath.

There is no doubt that *Mr. Elliot* considered himself justified, under the circumstances, in filing the answer, but this case shows the necessity of a personal authorization by the party, before an attorney appears for him.

As there is no legal proof of authorization of the attorney, and as the citation is void, the judgment must be reversed.

It is, therefore, ordered, adjudged and decreed, that the judgment be avoided and reversed, that the judgment of *Charles E. Alter* against plaintiff, signed in December, 1857, in the Sixth District Court of New Orleans, be decreed to be null and void ; and the Sheriff of the parish of Orleans, and said *C. E. Alter*, are perpetually enjoined from executing said judgment against *Thomas Ridge*. It is further ordered and decreed, that *C. E. Alter* pay the costs of both courts in the present suit.