## SAUER v. THE CITY OF KANSAS, *Appellant*.

**Injunction against a Judgment.** Before a court of equity will enjoin the enforcement of a judgment regular on its face, the complainant must aver and prove some injustice in the judgment, and this can only be shown by stating a valid defense to the original claim. It is not sufficent to aver that the complainant's attorney thinks his defense a good one. The defense should be stated that the court may decide upon its value.

*Appeal from Jackson Special Law and Equity Court.*—Hon. R. E. Cowan, Judge.

*J. Brumback* for appellant.

*Wm. E. Sheffield* for respondent.

Napton, J.—This was a proceeding by Sauer to enjoin the collection of a judgment obtained by the City of Kansas against him for taxes before the city recorder, on the ground that the judgment entered by the recorder, who has the same powers as a justice of the peace, was not rendered within the three days allowed by law; but was in fact rendered more than thirty days from the day of trial, and thereby deprived plaintiff of his appeal. There is no allegation in the petition that the plaintiff had a defense against this suit which was a good one, much less is there any statement of what the defense was, if there was any.

It is alleged that the plaintiff stated his case before the trial to his counsel, and that his counsel told him he had a good defense. No proof was offered in regard to this matter, and upon the hearing the court seems to have disregarded this allegation; for the finding was that the trial of the suit before the recorder was on July 16th, 1874, and that the recorder did not render judgment within three days of the trial, but that more than thirty days thereafter a judgment was entered and dated on the day of the trial. The court, therefore, decided that said judgment was irregular, and granted a perpetual injunction.

We are of opinion that this judgment should be reversed, on the ground that the plaintiff, in his application, did not allege or prove any defense. It is true he states that his attorney told him he had a valid defense, but what that defense was is not stated. Before a court of equity will enjoin a judgment at law, regular on its face, there must be some allegation and proof of injustice; and this injustice can only be shown by stating a defense which

the court, before whom the petition is filed, considers a valid one. That the plaintiff's attorney thinks the defense a good one is of no importance. The plaintiff should state what it is, that the court may decide upon its value.

The observations of the Supreme court of Iowa in *Piggott v. Addicks*, 3 Greene (Ia.) 427, in a similar application, but based upon the alleged want of authority in the attorney who appeared for the applicant, seem to me forcible and just. "If it had appeared," says the judge who delivered the opinion, "by the showing of the plaintiff that he had a meritorious defense to the claim, or any part of it, and that he had been deprived of making such defense by the unauthorized appearance of the attorney, then upon a proper application, the court should have opened the judgment for the purpose of admitting such defense. But there is no pretense of defense, or that the judgment is not just, or that it could in any manner be reduced upon a second trial. The door of equity is only open to such as have been or may be injured, and before chancery will take jurisdiction, the injury sustained or apprehended must be clearly set forth in the petition." In *Taggard & Co. v. Wood*, 20 Iowa 238, the court reiterates this conclusion. "Passing all these inquiries, we place our opinion upon the single ground, that the judgment is not shown to be unjust or oppressive, or in other words, that it does not appear that plaintiffs have a good defense to the claim, if the judgment should be set aside." . This is the doctrine stated by High in his compilation on this subject : "A judgment regular on its face, will not be enjoined when it is not shown to be unjust or oppressive, and when it does not appear that the person asking the aid of equity against the enforcement of the judgment has a good defense to the claim upon which it was founded." § 89. And the author goes further and observes: "The rule has been carried further, and it has been held, that it must clearly appear that plaintiff in the action at law had in fact no cause of action."

But it is unnecessary in this case to go further than to declare the plaintiff must aver, and of course, prove some injustice in the judgment he seeks to enjoin. This principle is recognized by Judge Story and by this court in various decisions. 2 Story Eq., §§ 887, 890; *George v. Tutt,* 36 Mo. 141; *Duncan v. Gibson,* 45 Mo. 352; *Davis v. Staples, Ib.* 570. The judgment of the special law and equity court is, therefore, reversed. The other judges concur, except Judge HOUGH, dissenting.

REVERSED.