Million v. Million.

ON MOTION FOR REHEARING.

---

ANNA L. MILLION, Respondent, v. CHARLES B. MILLION, Appellant.

Kansas City Court of Appeals, April 4, 1904.

1. **DIVORCE: Adultery: Combination: Evidence: Appellate Practice.** Where a husband has been guilty of adultery the wife is entitled to a divorce unless barred by her own conduct; and in this case some of the wife's conduct had been condoned and the trial court found for her on the other matters and the appellate court in conflicting evidence defers to such finding.

2. **———: Custody of Children: Tender Years: Child's Preference.** Though a girl of tender years who has been separated from her mother manifests a disposition to remain with her paternal grandparents, yet the mother's parents being willing to aid her in caring for the child it is deemed best that she be left in the mother's custody.

Appeal from Atchison Circuit Court.—*Hon. C. A. Anthony*, Special Judge.

AFFIRMED.

*John P. Lewis* for appellant.

(1) The court erred in finding for plaintiff for the reason, that the charges of habitual drunkenness and intolerable indignities, the only grounds sought to be charged in the petition are not sustained by the evidence. In fact indignities are not really charged. (2) The court erred in not granting defendant a divorce upon the matters charged in his cross-bill. Her conduct with Cunningham, her improper suggestions to Bolton, and her secretive manner of treating and finally leaving her husband, her false statements and all go to show that she was not only grossly indiscreet, but in all human probability, was guilty of adultery. (3) We concede, that as to her indiscretion in writing the clandestine letters to Cunningham, that was condoned, but it does not follow that he also condoned her adultery, for she did not admit that, and notwithstanding her suspicious conduct, did not know whether she had gone so far or not, and consequently could not condone what he did not know, besides her subsequent conduct with Bolton, revived the virus of the preceding bad conduct. Welch v. Welch, 50 Mo. App. 395. (4) In the light of the subsequent evidence growing out of the Bolton matter which at her request was kept secret from her husband, it becomes more than probable that her conduct with Cunningham went beyond a mere indiscretion. At any rate all these matters coupled with her abandonment of her husband in the manner she did after living with him so long under a false guise of innocence, were certainly sufficient to create intolerable indignities. Brown v. Brown, 53 Mo. App. 455. (5) The court erred in finding that the plaintiff was the innocent and injured party. The evidence does not justify such a conclusion. Webb v. Webb, 44 Mo. App. 229; Adkins v. Adkins, 63 Mo. 351. (6) The court erred in awarding the custody of the children to the plaintiff. In re Blackburn, 41 Mo. App. 622; West v. West, 94 Mo. App 687; 5 Am. and Eng. Ency. Law (1 Ed.), 832-

34; In re Gladys Morgan, 117 Mo. 249; Green v. Green, 52 Iowa 403; Home v. Berry, 79 Mo. App. 566.

*L. J. Miles* for respondent.

(1) Drunkenness as a separate ground is abundantly proven, and as to the other ground, drunkenness together with other conduct, may amount to indignities. Cannon v. Cannon, 17 Mo. App. 393; Wheeler v. Wheeler, 63 Mo. App. 298. (2) In this class of cases this court will pass on the testimony like, in a case of equity, but where there are doubts and some evidence both ways, great deference will be paid to the findings of the trial judge who had the witnesses before him and could judge of each by his or her demeanor on the witness stand. Owens v. Owens, 48 Mo. App. 208; Rawlins v. Rawlins, 102 Mo. 563; Adkins v. Adkins, 63 Mo. App. 351. (3) Such conduct and treatment as to render her life intolerable, may be established by proof of other statutory grounds of divorce. Appellant was undoubtedly drunk habitually, and undoubtedly he committed adultery in St. Joseph. McCann v. McCann, 91 Mo. App. 1. (4) At the trial of this cause the court found the plaintiff to be a suitable person to care for, rear and educate the children, and found that the defendant was not a suitable custodian to care for, rear and to educate them.

ELLISON, J.—This action was brought by plaintiff against her husband for divorce. The decree was for plaintiff and that she have the custody of their two minor children. Defendant thereupon appealed.

The charge in plaintiff's petition was habitual drunkenness and indignities which rendered her condition intolerable. Defendant filed a cross-bill in which he charged indignities against plaintiff in having a clandestine correspondence with a man; and with improper

and indelicate conversations with other men. The further specific charge of adultery was made.

The evidence disclosed that plaintiff and defendant had lived together as husband and wife for several years. That there were two children born of the marriage; one a boy six years old and the other a girl four years old. That both the paternal and maternal grandparents of the children are alive and are willing and able to care for, protect and educate the children. The evidence showed that defendant was an habitual drinker of intoxicants and it was very persuasive that he was an habitual drunkard. It was also shown that he had been guilty of adultery and this he failed to deny although a witness in his own behalf. This entitled her to a divorce, McCann v. McCann, 91 Mo. App. 1; Adkins v. Adkins, 63 Mo. App. 351—unless she was barred by her own conduct.

On the other hand, while it was shown that plaintiff had engaged in a clandestine correspondence with a man and that such correspondence was of a highly improper character, though not of itself showing adultery; yet defendant, on becoming fully aware of the facts, condoned the offense. There was other evidence of reprehensible conduct on the part of plaintiff with a man living near by which was not condoned and which, if believed, should bar her right to a divorce. But that evidence was evidently not credited by the trial court.

The conclusion which that court reached was that the plaintiff was the injured party. There was conflict in the evidence and the trial court's opportunity for judgment as to the credit to be given was much better than ours could possibly be. In such cases we defer to the conclusion reached by that court. Torlotting v. Torlotting, 82 Mo. App. 192, 200; King v. King, 42 Mo. App. 454.

So we are disinclined to interfere with the custody of the children as ordered by the trial court. When plaintiff left defendant's house and went to her par-

ents defendant refused to let her take them with her. It is said that at the trial the little girl, then four years old, was inclined to remain with the father's parents, while the boy, then six years old, was inclined to stay with his mother. A child so young as the girl and having been separated from the mother might very well manifest a disposition to remain with her grandparents where she had undoubtedly been kindly and affectionately treated. But, as has been already stated, it appears that plaintiff's parents are able and willing to aid her in caring for the children. It seems to us that in such circumstances children of such age should be left with the mother.

On the whole record we do not find ground sufficient to justify us in disturbing the decree and it is accordingly affirmed. All concur.