GOLDIE CONSTRUCTION COMPANY, Respondent,
v. RICH CONSTRUCTION COMPANY et al.,
Appellants.

### St. Louis Court of Appeals, April 4, 1905.

1. **VOID JUDGMENT: Justices of the Peace: Injunction.** Where
a judgment was rendered before a justice of the peace against
a defendant not served with process, upon a stipulation signed
by an attorney who appeared for the defendant, but had no au-
thority to appear, such judgment was not void on its face, and
the defendant could maintain an action to restrain the enforce-
ment of the judgment by injunction on the ground that it was
voidable because of the facts outside the record.

2. ———: ———: ———. There being no legal remedy against
a judgment so obtained before a justice of the peace, by motion
to set it aside on account of fraud or mistake, the proper rem-
edy was injunction.

3. ———: ———: ———: **Merits.** In order to obtain relief by in-
junction against such a judgment entered before a justice of the
peace, it was not necessary that the enjoining plaintiff should
prove a· meritorious defense as fully before the chancellor as
would have been necessary in the original action to defeat the
judgment; it was only necessary under the facts in this case
to show that it had a probable defense to the action.

Appeal from St. Louis City Circuit Court.—*Hon. Dan-
iel D. Fisher,* Judge.

AFFIRMED.

*Jacob Oppenheimer* for appellant.

*Irvin V. Barth* on brief.

(1) The evidence of respondent is not sufficient
to overcome the strong legal presumption that a
regularly licensed attorney who appears for another
has authority to do so. Patterson v. Yancey, 97 Mo.
App. 681, 71 S. W. 845; Valle v. Picton, 16 Mo. App.

181, 91 Mo. 207; Ring v. Vogel Paint & Glass Co., 46 Mo. App. 374; Robinson v. Robinson, 32 Mo. App. 88; Weeks, "Attorneys at Law" (2 Ed.), sec. 196; Freeman, "Judgments" (4th Ed.), sec. 499. (2) Granting, however, that there was no authority in the attorney to accept service and consent to a liability, and that there was never any jurisdiction over the person of respondent— the judgment is merely void. And equity will not enjoin an execution on a void judgment. The remedy is at law. Railroad Co. v. Lowder, 138 Mo. 533, 39 S. W. 799; Railroad v. Hoereth, 144 Mo. 148, 45 S. W. 1085; Railroad v. Reynolds, 89 Mo. 146; Stockton v. Ransom, 60 Mo. 535; Bradley v. Welch, 100 Mo. 268, 12 S. W. 911; Howlett v. Turner, 93 Mo. App. 20; Straub v. Simpson, 74 Mo. App. 230; Taylor v. Todd, 48 Mo. App. 550; Baer v. Youngman, 19 Mo. App. 41. (3) There is no evidence of fraud or collusion in the procurement of the judgment, and nothing short of this will justify the injunction proceedings. Reed v. Hansard, 37 Mo. 203; Fears v. Riley, 148 Mo. 49, 49 S. W. 836; Bates v. Hamilton, 144 Mo. 1, 45 S. W. 641; Irvine v. Leyh, 124 Mo. 361, 27 S. W. 512; Sanderson v. Voelcker, 51 Mo. App. 328; Murphy v. De Franc, 101 Mo. 151, 13 S. W. 756; Payne v. O'Shea, 84 Mo. 129; Smith v. Sims, 77 Mo. 269; Weeks, "Attorneys at Law" (2 Ed.), sec. 202. (4) And assuming that there was such fraud respondent must fail in the absence of any evidence that it had a meritorious defense to the demand on which the original judgment was based. Smoot v. Judd, 161 Mo. 687; Sauer v. City of Kansas, 69 Mo. 46; Marx v. Fore, 51 Mo. 69.

*George T. Weitzel* for respondent.

(1) The justice's judgment, although regular and valid on its face, is nevertheless void. (a) The defendant therein was not served, and did not have notice of the suit. Bradley v. Welch, 100 Mo. 268, 12 S. W. 911; Napton v. Leaton, 71 Mo. 367. (b) The unauthorized

appearance of attorney is fraudulent, and a nullity. Truett v. Wainwright, 9 Ill. 420; Marx v. Fore, 51 Mo. 74; Eager v. Stover, 59 Mo. 87; Bean v. Mather, 1 Daly (N. Y.) 440; Shelton v. Tiffin, 47 U. S. 162. (c) The defendant therein did not appear to confess judgment, as required by statute. R. S. 1899, sec. 4006; Loth v. Faconesowich, 22 Mo. App. 68; Burr v. Mathus, 51 Mo. App. 470; Sullivan v. Construction Co., 86 Mo. App. 151. (2) This complainant has no remedy against the void judgment except in equity. (a) A constable or sheriff is not liable if he acts under an execution valid on its face, issued by a court having jurisdiction of the subject-matter. Miller v. Brown, 3 Mo. 128; Howard v. Clark, 43 Mo. 348; Melcher v. Scruggs, 72 Mo. 406. (b) A purchaser under an execution in which the record is good on its face, acquires a title which cannot be attached collaterally by replevin. Cochran v. Thomas, 131 Mo. 279, 33 S. W. 6; Sachse v. Clingsmith, 97 Mo. 406, 412, 11 S. W. 69; Draper v. Bryson, 17 Mo. 71; Lenox v. Clark, 52 Mo. 115. (3) The proper remedy in this case is by injunction. (a) Equity will relieve against a judgment, which is void by reason of extrinsic facts, especially where attorney's appearance is unauthorized. Boro v. Harris, 13 Lea (Tenn.) 43; Ridge v. Ater, 14 La. Ann. 866; Mills v.Scott, 43 Fed. (Ga.) 452; Shelton v.Tiffin, 47 U. S. 162, 186. (b) Authorities denying equitable relief are all cases in which the errors appeared on the face of the record. Railroad v. Lowder, 138 Mo. 533, 39 S. W. 799; Railroad v. Hoereth, 144 Mo. 136, 45 S. W. 1085; St. L. & C. Ry. v. Reynolds, 89 Mo. 146; Stockton v. Ransom, 60 Mo. 535; Baer v. Youngman, 19 Mo. App. 41.

GOODE, J.—The petition in this case is in the nature of a bill in equity for the purpose of procuring an injunction against an execution issued on a judgment rendered by a justice of the peace. The Goldie and Rich Construction Companies are both Missouri business cor-

porations and Charles Mohrstadt is the constable to whom the execution was issued. In April, 1902, the Rich Construction Company filed an account before Robert Walker, a justice of the peace in the city of St. Louis, against Wm. Goldie & Sons Company, H. P. Lee and the Hill-O'Meara Construction Company for the price of 17 piles at five dollars each, or eighty-five dollars. Wm. Goldie & Sons Company is an Illinois corporation with no office in the State of Missouri. It is affiliated with the Goldie Construction Company and the same individuals fill part of the offices in each company. On the filing of the account a summons was issued for the several defendants, and service obtained on Lee and the Hill-O'Meara Construction Company, but the Wm. Goldie & Sons Company was returned not found. On April 19th, H. P. Lee, assuming to act in behalf of himself and the other defendants, filed an affidavit for change of venue; whereupon Justice Walker granted a change of venue to Frank A. Cline, another justice of the peace in St. Louis. Justice Cline issued an alias summons for the Wm. Goldie & Sons Company, which was returned *non est* by the constable. Afterwards notice of the change of venue was issued by Justice Cline. Service of the notice was accepted by Taylor R. Young, as attorney for all the defendants. On May 13th a stipulation was filed with Justice Cline providing that a judgment should be entered for $60 against the Wm. Goldie & Sons Company, a corporation, and the suit dismissed as to the other defendants, H. P. Lee and the Hill-O'Meara Construction Company. Said stipulation is as follows:

"In Justice Court, before F. A. Cline, a justice of the peace.

Rich Construction Company, a corporation,

v.

William Goldie Sons Company, a corporation,

H. P. Lee, Hill-O'Meara Construction Company, a corporation.

"Come now the defendants by their attorneys, and stipulate that judgment may be entered for the sum of sixty ($60) dollars and costs against William Goldie Sons Company, a corporation, and that said defendants, H. P. Lee and Hill-O'Meara Construction Company be dismissed from this cause, to which plaintiff, by his attorney, consents.

"May 13, 1902.

"TAYLOR R. YOUNG,

"Attorney for defendants, Goldie Sons Company and H. P. Lee.

COLLINS & CHAPPELL,

"Attorneys for Hill-O'Meara Construction Company, Rich Construction Company, by JACOB OPPENHEIMER, its attorney."

On the same day a second stipulation was filed, which reads:

"Rich Construction Company, plaintiff,

v.

Goldie Construction Company et al., defendants.

"Before F. A. Cline, justice of the peace within and for the ninth district, city of St. Louis, Missouri.

"Comes now the defendant, Goldie Construction Company, a corporation, one of the defendants in the above-entitled cause, by its attorney of record, and stipulates that judgment may be had against it and in favor of the above-named plaintiff, for the sum of sixty dollars ($60) and all costs to which the plaintiff hereby consents, and agrees that the other named defendants in said action may be dismissed with their costs.

"Dated May 13, 1902.

"By Goldie Construction Company.

"TAYLOR R. YOUNG, its attorney.

"Rich Construction Company.

"By JACOB OPPENHEIMER, its attorney.

Pursuant to the last stipulation Justice Cline entered judgment against the Goldie Construction Company for $60 and costs of suit and issued as execution,

which was placed in the hands of the appellant, Charles E. Mohrstadt, constable of the district. Afterwards the Goldie Construction Company sued out a temporary restraining order against the service of the execution.

On the trial in the circuit court the injunction was made perpetual. The petition contained the substance of the facts which appear in the above statement, with allegations that neither Wm. Goldie & Sons Company nor the Goldie Construction Company was ever served with process; that H. P. Lee assumed to act for said defendants without any authority whatever, as did also the attorney, Taylor R. Young; that Lee had no connection with either the Wm. Goldie & Sons Company or the Goldie Construction Company and was not in their employ or service; that he filed the affidavit for change of venue from Justice Walker on behalf of Wm. Goldie & Sons Company on his own motion and without authority; that the two stipulations signed by Taylor R. Young, the first authorizing judgment against Wm. Goldie & Sons Company, the second against the Goldie Construction Company, were signed without authority, said Young never having been employed as attorney for either of said companies; that the Rich Construction Company, Taylor R. Young, H. P. Lee and the Hill-O'Meara Construction Company entered into a corrupt, unlawful and fraudulent combination to defraud the Goldie Construction Company by filing said stipulations; that the account for $85 filed by the Rich Construction Company with Justice Walker, was based on a transaction that took place between said Rich Construction Company and H. P. Lee, to which transaction the Goldie Construction Company was an entire stranger, and in no way responsible for any obligation growing out of it; that the Goldie Construction Company has a good defense on the merits of the action on said account. The prayer was that the Rich Construction Company and Charles E. Mohrstadt, constable, be enjoined from enforcing said execution by levy. The pe-

tition was verified by the affidavit of Wm. Goldie, Jr. who is president of the Goldie Construction Company.

The answer made some formal admissions and denied every other allegation of the petition.

The Goldie Construction Company had, as we gather, the construction of the Electricity Building at the World's Fair grounds, in the city of St. Louis. The testimony is not definite as to the nature of the contract, but it is certain that company had an important contract in connection with the building—we suppose the contract to erect it. At any rate, it appears the Goldie Construction Company sublet to H. P. Lee the driving of the piles for the building. Lee became indebted to the Rich Construction Company for seventeen piles which were the subject-matter of the action brought before the justice of the peace. The testimony goes to show that Lee was an independent subcontractor, and neither an officer of nor in the service of the Goldie Construction Company. Just what connection the Hill-O'Meara Construction Company had with the transaction is not explained. The attorney, Mr. Taylor R. Young, appeared in the cause before the justice of the peace at the instance of and under employment by the defendant, H. P. Lee, who seems to have engaged the services of the attorney in behalf of the Goldie Construction Company, as well as his own. Lee assumed to act for the Goldie Construction Company, but there is strong evidence that he had no such authority and that the officers of said company knew nothing of the action before the justice until they were notified by letter from Young that judgment had been entered against it. However, Young testified to a telephone conversation during the progress of the case before one of the justices with a man who answered a call for Wm. Goldie, Jr., president of the Construction Company. Goldie denied having such a conversation and said he had never heard of it until the trial of the present suit. It is conceded that no service was obtained on any

officer of the Goldie Construction Company; indeed, no process was issued for that company. Two writs of summons were issued for the Wm. Goldie & Sons Company and both returned not served. The court below must have found that neither Lee nor Young had authority to act for the Goldie Construction Company, as a perpetual injunction against the levy of the execution was granted. That finding must remain intact; for while there was discrepancy in the testimony, a sufficient showing was made by the respondent to prevent us from overruling the decision of the court below. The case stands then, in this condition: a judgment was entered by a justice of the peace against the Goldie Construction Company, which never had been served with process, nor had authorized any one to enter its appearance in the action, and its officers were ignorant that such a case was pending until notified of the judgment. Such stipulations were filed by an unauthorized party during the progress of the case that a final judgment was given against the Goldie Construction Company alone, and those defendants who had been served with process and were paying attention to the action, escaped liability. Escaped, too, for aught that is shown, exclusively by virtue of an agreement that the action should be dismissed as to them and judgment entered against the only party who had no knowledge that it was pending. Such a result inspires distrust regarding Lee's good faith.

The principal contention of the appellant is that though the respondent was neither served with process, nor its appearance entered by any one possessing authority, the effect of those facts is to render the judgment entered by the justice void and cut off relief by injunction. In other words, the contention is that the judgment was void and can result in no harm to the respondent, and, hence, equity will not interfere with it. The flaw in this argument is that the judgment against the respondent before the justice of the peace

apparently is valid. While the papers in that pro-
ceeding show respondent was not served with summons,
they show, too, an appearance by it. As far as the
records in the justices' court are concerned, the judg-
ment against the respondent is valid and would pro-
tect the constable in levying the execution he holds.
McNair v. Biddle, 8 Mo. 257; State v. Wollery, 39 Mo.
525; Baisley v. Baisley, 113 Mo. 544, 21 S. W. 29. In-
deed, he would be bound to levy if not restrained; be-
cause the writ is fair on its face and apparently the
justice of the peace had jurisdiction when the judgment
was given, not only of the subject-matter of the action,
but of the person of the respondent by virtue of an
appearance. Howard v. Clark, 43 Mo. 348. The judg-
ment, therefore, is not void; or, at least, not void on its
face, but merely voidable. It is in condition, also, to
so far support an execution that the respondent can be
harassed and his property seized. Now, the respond-
ent can get no redress by motion before the justice to
have the judgment set aside, as he might in the circuit
court; and we see no adequate redress for him except
by enjoining the enforcement of the judgment. In the
absence of legal remedy, an equitable remedy against a
judgment entered on account of mistake or fraud, with-
out service or appearance, is granted. 2 Freeman,
Judgments (4 Ed.), secs. 495, 497; Mills v. Scott, 43
Fed. 452; Boro v. Harris, 11 Lea (Tenn.) 36, 43; Shel-
ton v. Tiffin, 47 U. S. 163; Ridge v. Alter, 14 La. Ann.
866.

We are cited to the case of St. Louis, etc., R. R. v.
Lowder, 138 Mo. 533, as establishing the rule that a void
judgment before a justice will not be enjoined. But the
judgment dealt with in that case was void on the face
of the proceedings for lack of service. The court which
gave the judgment had no jurisdiction, real or appar-
ent, of the defendant. The present respondent is in a
very different situation; for, as said above, an appar-

ently valid judgment stands against it and can be shown to be invalid only by learning extrinsic facts.

But the appellants say no showing was made of a good defense on the merits to the action on the account filed before the justice of the peace, and that, even though a judgment goes against a party on an appearance entered by an attorney without authority, this judgment will not be relieved against in equity unless the complaining party shows a defense to the merits of the cause in which the judgment was given. There is a contrariety of opinion regarding whether such a showing must be made where there is no service and no appearance by one having authority to represent the litigant. Perhaps the weight of decision is in favor of the proposition that it must appear that the complaining party is aggrieved; that he had a defense to the merits. This rule is recognized in Missouri. In Sauer v. Kansas City, 69 Mo. 46, certain Iowa cases are cited which go far in exacting as a condition of equitable relief, proof of a defense on the merits. The authorities are rather indefinite as to just what showing in regard to the merits must be made by a party against whom judgment has gone without notice, in order to obtain relief. In the present case, as in most others of like nature, the Goldie Construction Company would have been entitled to a trial by jury on the issue of whether it owed the account sued on by the Rich Construction Company. It was deprived of that right by the course the action on the account took, without being in the least to blame. Now, the question is, must a party who has been thus aggrieved try the merits of the original case as fully before a chancellor, when seeking relief against an unauthorized judgment, as would have been necessary in the original action, if it had been served with notice? That looks like an extreme and unjust doctrine. In the present case the petition avers a meritorious defense to the action on the account. Moreover, it appears from the testimony adduced on the trial, that H. P. Lee

bought the piling in question from the Rich Construction Company; that he was a subcontractor under the Goldie Construction Company; that the latter company denied all liability when it was asked to pay the account and notified the Rich Construction Company that it was Lee's debt exclusively. It is not easy to see how it could be the debt of the Goldie Construction Company. The counsel for the respondent in the court below offered to go fully into the merits of the cause, but the court declined the offer. That ruling is doubtful; but it so far appears that the Goldie Construction Company had a probable defense to the action on the account as to justify equitable relief in view of certain circumstances in proof. The judgment holding respondent liable on said account was given in an action of which it had no notice, but to which was made a party by the unauthorized act of an interested defendant (Lee) who escaped liability on his own obligation, pursuant to a stipulation filed by the attorney whom he induced to represent the respondent. The stipulation was that judgment should go against the Goldie Construction Company and the action be dismissed as to Lee.

We affirm the decision of the circuit court. All concur.