STEYERMARK, Appellant, v. LANDAU et al., Respondents.

St. Louis Court of Appeals, January 8, 1907.

1. **JUDGMENT: Vacating Judgment for Fraud.** Where in a cause pending the case was reset at the instance of plaintiff's attorney who agreed to notify the defendants of the resetting, but took judgment by default without complying with this agreement, this was a fraud upon the part of the plaintiff in procuring the judgment which would entitle the defendant to have it set aside. In the present case, the testimony upon the facts being conflicting, the judgment of the trial court in refusing to set aside the judgment by default is sustained.

2. ——: ——: **Meritorious Defense.** In order that a judgment defendant may have the judgment against him set aside for fraud in procuring the same, he must show that he had a meritorious defense to the action. The mere allegation in the petition that he has a meritorious defense is insufficient; the nature of the defense must be shown.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald,* Judge.

AFFIRMED.

*R. L.* and *John Johnson* and *Thomas J. Hoolan* for appellant.

(1) A court of equity, in a direct proceeding between the parties to the record, will set aside and vacate any judgment, which is obtained by fraud practiced by the prevailing party. Smith v. Taylor, 78 Mo. App. 630; Payne v. O'Shea, 84 Mo. 129; Mayberry v. McClurg, 31 Mo. 236; U. S. v. Throckmorton, 98 U. S. 61. (2) When seeking to set aside a void judgment it is not necessary to show facts constituting a meritorious defense. Mills v. Scott, 43 Fed. 452; Arnold v. Hawley, 67 Iowa 313; Sauer v. Kansas City, 69 Mo. 46.

*John D. Rippey* and *Thomas P. Bashaw* for respondents.

The petition is bad and will not support a decree setting aside the judgment: First, because it does not state facts showing that plaintiffs had a good defense to the suit against them before the justice. A mere statement in general terms that they had a good defense is not sufficient. Sauer v. Kansas City, 69 Mo. 46. Hasler v. Schoop, 70 Mo. App. 476; Mott v. Barnard, 97 Mo. App. 270; Patterson v. Yancy, 97 Mo. App. 692; Hamilton v. McLean, 139 Mo. 678; Bates v. Hamilton, 144 Mo. 1; Fears v. Riley, 148 Mo. 59; Lewis v. Williams, 54 Mo. 200; Murphy v. DeFrance, 105 Mo. 53; Oxley v. Butler County, 121 Mo. 614. Secondly, There is no equity in plaintiff's bill for the reason that the facts stated as constituting the fraud by which the judgment of the justice was obtained, do not amount to fraud or deceit, in this, that the alleged fraudulent representation was not one

relating to a past or existing fact. Estes v. Shoe Co., 155 Mo. 277; Cooper v. Hunt, 103 Mo. App. 9; Morris v. McMahan, 75 Mo. App. 494; Bullock v. Woldridge, 42 Mo. App. 356; Cooley on Torts, 474; Bishop on Non-Contract Law, sec. 324; Bennett v. McIntyre, 23 N. E. 79; Caylor v. Roe, 99 Ind. 1; Fry v. Doy, 97 Ind. 345; Rechter v. Irvine, 28 Ind. 26; Dawe v. Morris, 21 N. E. (Mass.) 313; Sawyer v. Pickett, 19 Wall. 146; Cooper v. Schlesinger, 111 U. S. 383; Stewart v. Cattle Co., 126 U. S. 383.

GOODE, J.—On May 18, 1904, the defendants in this suit recovered a judgment by default against plaintiffs before a justice of the peace in the city of St. Louis, for $575. The present proceeding is in equity to have said judgment before the justice set aside, its collection restrained and for a hearing of the case by the justice on the merits. The ground on which this relief is sought is that the judgment was procured by fraud and deceit and in violation of an express stipulation made by the attorney for defendants with plaintiffs and their attorney. The facts are that the cause was set for trial before the justice, in the first instance, on April 18, 1904. The attorney for defendants (plaintiffs in the other action) requested a continuance of the cause, of the attorney for the Steyermarks. He would not agree to a continuance without the consent of his clients and referred defendants' attorney to them. Said attorney saw Steyermark and after a parley between the two, an agreement was reached that the cause before the justice should be continued from April 18th until after Mr. Steyermark, who was about to leave St. Louis for several weeks, had returned. As to this agreement the parties concur. But Mr. Steyermark and his attorney testified to another stipulation; to-wit, that after Steyermark had returned defendants' attorney should have the cause set down for trial and notify plaintiffs, or their

attorney, of the date. Defendants' attorney testified to the contrary, and that there was no understanding he should notify plaintiffs of the date of the trial. The case was set for May 18, 1904, a month later than the original setting, and as plaintiffs failed to appear at that time, the justice entered judgment against them by default. Defendants' attorney had given no notice to plaintiffs or their attorney of the setting of the cause, and, as stated, swore there was no understanding that he should. The court below entered judgment for defendants and plaintiffs appealed.

If defendants' attorney, when the cause was continued to accommodote him, agreed with Steyermark or his attorney to notify plaintiffs of the resetting of the case and afterwards took judgment by default without complying with his agreement, he committed a fraud in procuring the judgment which would entitle plaintiffs to relief. A case involving the precise question and in which this court ruled in accordance with what we have said, is Sanderson v. Voelcker, 51 Mo. App. 328. Negligence which would bar relief ought not to be imputed to plaintiffs, or their attorney, for failing to ascertain from the justice's docket when the case was set, if it was agreed defendants' counsel should notify them of the date. On this issue of fact the testimony is so conflicting that we are not inclined to reverse the decision of the circuit court, as the judge of that court had the witnesses under his eye while they testified. Another reason why the judgment of the court below should be sustained is that plaintiffs have made no showing, either by averment in their petition or evidence, that they have a valid defense to the action instituted against them in the justice's court. It is true the petition says plaintiffs have a meritorious legal defense; but this is not enough. Nowhere in the record do we find the least disclosure of the nature of the action before the justice or the defense plaintiffs would make. In Goldie Construction Co. v.

Rich Construction Co., 112 Mo. App. 147, 156, 86 S. W. 587, we remarked on the vagueness of the books regarding the showing a plaintiff must make of defense to an action in which judgment has gone against him, in order to have the judgment set aside or restrained for fraud in procuring it. But little light is thrown on this question by the adjudged cases, though they all agree that, when there was personal service and the court had jurisdiction, some showing of a meritorious defense is essential in order to have the judgement vacated. It has been decided in this state that merely alleging such a defense exists is insufficient. [Sauer v. Kansas City, 69 Mo. 46.] As neither the pleadings nor the proof in the present case, give any intimation concerning the cause of action on which defendants obtained judgment before the justice, or what defense plaintiffs claim to have thereto, one necessary ground of relief is not established. [State ex rel. v. Henderson, 164 Mo. 347, 64 S. W. 138.]

The judgment is affirmed. All concur.