# G. W. HESS, Appellant, v. J. H. FOX, Respondent.

### Springfield Court of Appeals, January 3, 1910.

1. **JUSTICE COURTS: Change of Venue: Notice on Attorney of Day of Trial not Sufficient.** Where a change of venue has been taken from one justice of the peace to another and the case set down for trial on a day certain by the latter justice, notice of the day of trial served on the attorney of one of the parties is not sufficient.

2. **————: ————: Failure to Give Notice of Trial Day: Judgment not Void.** After a change of venue has been taken from one justice of the peace to another, a failure to give notice to the defendant of the day of trial does not render the judgment entered, without such notice, void. It would, however, be irregular, and upon a proper showing in a court of equity would be set aside.

3. **————: ————: ————: ————: Showing Necesary to Invoke Court of Equity.** Where defendant was not notified of the day of trial in a justice court after a change of venue had been taken, and a judgment by default was rendered against him; *held*, that before he could invoke the aid of a court of equity to set aside the judgment he should show, first, *prima facie*, that he had a meritorious defense, and, second, that his failure to assert it at the trial was for want of notice and not the result of his own negligence.

4. **PLEADING: Judgment: Action to Set Aside: Showing as to Meritorious Defense.** In a proceeding to set aside an irregular judgment it has been uniformly held that a general allegation in the petition that the plaintiff has a meritorious defense to the original suit, is not sufficient, but the pleader must set out the facts which constitute his defense, and where the defense is an affirmative one, the plaintiff should offer enough proof of his alleged defense to show that if given a trial upon the merits he could at least make a *prima facie* case.

5. **JUDGMENT: Action to Set Aside: Failure to Show Meritorious Defense and Exercise of Proper Care.** In a suit to set aside an irregular judgment of a justice of the peace, rendered after a change of venue, without notice to the defendant of the day of trial, where the plaintiff (defendant in justice court) alleged that the debt had been paid and that he held a receipt for the same, but offered no proof of these facts; *held*, the trial court was justified in refusing him the relief prayed for, and

that the action of the trial court could well be sustained for the further reason that the evidence also tended to show that the plaintiff did not use the care that an ordinarily prudent business man would have taken in looking after the suit against him in the justice court.

Appeal from Cedar Circuit Court.—*Hon. B. G. Thurman,* Judge.

AFFIRMED.

*J. H. Davidson* and *M. T. January* for appellant.

(1) A bill in equity will lie to set aside a judgment procured by fraud, accident or mistake, and such an action is a direct and not a collateral attack. Engler v. Knoblaugh, 131 Mo. App. 481; Graff v. Dougherty, 120 S. W. 661; Wilhite v. Ferry, 66 Mo. App. 453. (2) When a cause is sent on change of venue from one justice to another, notice of the time of trial must be served on both parties. R. S. 1899, secs. 3973-4. (3) Such notice can not be served on the attorney of a party, neither can the attorney waive it. Maxwell v. Railway, 91 Mo. App. 582; Collison v. Curran, 110 Mo. App. 174. The remedy by appeal is not always adequate. State ex rel. v. Allen, 45 Mo. App. 551; State ex rel. v. Clayton, 34 Mo. App. 563. (4) The allegation in the petition of "meritorious defense" is not an issuable fact and is not to be tried in the equity suit. All that is necessary is to set forth in the petition the specific defense relied upon. Campbell v. Edwards, 1 Mo. 324; Steyermark v. Landau, 120 Mo. App. 402; Wilson v. Hawthorne, 14 Colo. 530.

STATEMENT.—The petition alleges that on August 27, 1907, defendant filed suit against this plaintiff before J. H. Asher, a justice of the peace in Cedar county, in which he claimed plaintiff was indebted to him in the sum of two hundred dollars. Summons was duly issued and served, and the case was set for trial September 6, 1907, on which date, this plaintiff, who was defendant in

that action, appeared before said justice of the peace, and filed an application for a change of venue, which was granted and the case sent to N. Dale, another justice of the peace. Said Dale set the hearing for September 16, and on that day, rendered judgment by default against this plaintiff in favor of this defendant. That upon the same day a transcript of this judgment was filed with the circuit clerk of Cedar county. Plaintiff then alleges that he had no notice of the rendition of said judgment until long afterward. That he has a just and legal defense against the demand of defendant set out in his complaint before the justice aforesaid. That prior to the institution of said suit he had paid said demand in full to said J. H. Fox, and at the time held and now holds his receipts for the same. That the judgment before said justice was obtained either through a mistake or neglect of the justice in failing to serve this plaintiff with the notice of the trial day of such cause, or else it was obtained through collusion with this defendant. Then follows a prayer that the judgment of the justice be set aside, and he be given an opportunity to appear and make his defense. The answer alleges that proper notice of the time set for trial in the court of N. Dale, justice, was served, and that this plaintiff through his attorney, R. N. Bannister, had agreed that the case might be set for September 16th, and that within ten days after the judgment was rendered, plaintiff had actual knowledge that the judgment had been rendered in ample time to have perfected an appeal, and denies the other allegations of the petition. Trial was had, and relief asked by plaintiff denied, and he has appealed.

COX, J.—The evidence in this case shows that the notice of day of trial before Esquire Dale, after the case reached him on change of venue, was served on Bannister as attorney for this plaintiff, and this is the sole reliance of plaintiff for a reversal of this judgment. It is true that service of such notice upon the attorney of a

party is not sufficient, and, hence, is the same as no notice. The want of such notice, however, is not jurisdictional and does not render the judgment, entered without such notice, void. [Cullen v. Collison, 110 Mo. App. 174, 80 S. W. 290.]

This judgment, then, was not void, but was irregular. The object of requiring the service of this notice is to give the parties an opportunity to appear at the trial and prosecute or defend, as the case may be, and if a party can make a fair showing that the want of such notice prevented his appearance and that if given an opportunity to defend, he has a meritorious defense, the proof of these facts ought to entitle him to relief. Two things, however, are necessary in order to invoke the aid of a court of equity. These are, that he have a meritorious defense, and that his failure to assert it at the trial was not the result of his own negligence. As to the showing of a meritorious defense, the authorities all agree that this showing must be made, but as to how it is to be made they are not clear. That is, whether it is sufficient to allege in the petition that the plaintiff has a meritorious defense or whether he should go farther and offer proof to the chancellor of the facts constituting his defense.

It has been uniformly held in this State that a general allegation in the petition that the plaintiff has a meritorious defense to the original suit, is not sufficient, but the pleader must set out the facts which constitute his defense, and there have been some intimations that he must go farther, and prove to the chancellor the truth of his allegations. [See, Sauer v. City of Kansas, 69 Mo. 46; Steyermark v. Landau, 121 Mo. App. 402, 99 S. W. 41; Goldie Construction Co. v. Ritch Construction Co., 112 Mo. App. 147, 86 S. W. 587.]

In cases like this, in which the defense is an affirmative one, we think the correct rule to be that while the chancellor should not try the case upon its merits, he should require the plaintiff to offer enough proof of

his alleged defense to show that if given a trial upon the merits he could, at least, make a *prima facie* case. This is but a reasonable requirement, for unless he is able to furnish such proof, a trial would avail him nothing, and a court of equity should not be asked to do a useless thing.

In this case, the petition alleges that the debt had been paid and that plaintiff held a receipt for the same, but he offered no proof of these facts. Our conclusion is that for this reason the court was right in refusing the relief prayed for.

The court may also have found that the failure of plaintiff to make a defense or to appeal from the judgment against him was the result of his own carelessness. There was evidence tending strongly to show that the change of venue was taken by this plaintiff in order to give him time to make a trip to California, and that he did go to California, and did not return until after the judgment was rendered, but did return and went to the home of the justice and examined his docket in time to have taken an appeal after the judgment was rendered. When he left for California, he did so without leaving anyone to look after this law-suit, and considering all these circumstances, the court may very well have found that had this plaintiff used the care which an ordinarily prudent business man would use in his own business affairs, he could have protected his rights without resorting to a court of equity, and such finding would of itself sustain this judgment. The judgment is affirmed. All concur.