BY THE

ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

MARCH TERM, 1917.

MARGARET G. RYAN, Appellant, v. ANNIE HUGHES, Respondent.

St. Louis Court of Appeals, March 6, 1917.

1. **JUSTICES' COURTS: Change of Venue: Constructive Service of Notice of Trial: Validity of Default Judgment.** Where a change of venue is taken from a justice of the peace, service of notice of the setting of the cause for trial before the justice to whom it is sent, under Sec. 7483, R. S. 1909, by posting the same in the office of the justice, is not binding on a defendant who resides in the county, since that section authorizes such constructive service only where the party to be notified is a nonresident of the county; and a default judgment rendered upon such service, against a defendant who was a resident of the county, was premature and voidable.

2. ———: ———: ———: ———: **Constable's Return.** A constable's return on a notice of the setting of a cause for trial before a justice of the peace to whom it was sent on change of venue, pursuant to Sec. 7483, R. S. 1909, that, "after diligent search, defendant *was not found* in the county," did not show that defendant was a nonresident of the county, and where, as a matter of fact, he was a resident of the county, the default judgment rendered against him was premature and voidable.

3. **JUDGMENTS: Justices' Courts: Change of Venue: Failure to Serve Notice of Trial: Vacation of Voidable Judgment.** A court of equity

has jurisdiction to vacate a voidable judgment by default rendered by a justice of the peace against a resident defendant who was not notified, as required by Sec. 7483, R. S. 1909, of the setting of the cause for trial before the justice to whom it was sent on change of venue (notice being posted in the office of the justice as though defendant was a nonresident of the county), provided defendant shows that he has a meritorious defense and that his failure to assert the same at the trial was not the result of his own negligence.

4. ————: Justices' Courts: Vacation of Voidable Judgment: Meritorious Defense. Where, in such a case, the statement of the cause of action can be construed as a demand for $300 only, but judgment was rendered for $500, defendant had a meritorious defense to the extent of at least $200, satisfying the requirement that, before he is entitled to have the judgment vacated, it must appear that he has a meritorious defense.

5. ————: ————: ————: Negligence of Defendant. Where, in such a case, it was shown that defendant had no knowledge of the setting of the case for trial before the justice, it could not be held that defendant's failure to assert his defense at the trial was the result of his own negligence.

6. JUSTICES' COURTS: Statement: Construction of Ad Damnum Clause. In an action for personal injuries, instituted in a justice's court, the statement alleged that plaintiff "suffered great pain, both of body and mind, lost much valuable time, has been put to great expense for medicine and has become liable for medical attendance in being treated for said injuries, to-wit, in the sum of $200, to her damage in the sum of $300, for which she sues and prays judgment." *Held* that the statement prays for a recovery of $300 only.

Appeal from the St. Louis City Circuit Court.—*Hon. William M. Kinsey,* Judge.

REVERSED AND REMANDED (*with directions*).

*Thos. J. Rowe, Jr.,* for appellant.

(1) The judgment of the justice of the peace is for a sum in excess of the amount claimed and prayed for in the complaint; therefore the justice of the peace had no

jurisdiction to render such judgment. (2) Margaret G. Ryan, the plaintiff herein and the defendant in said case of Annie Hughes v. Margaret G. Ryan, before justice Slater, was a resident of the city of St. Louis at the time that said case was transferred by justice Krueger to justice Slater, and was a resident of the city of St. Louis during all the time from said date to the date of the rendition of the judgment by justice Slater, consequently the notice of the setting of said case, which was served by posting the same in the room of justice Slater, was not authorized or warranted by virtue of the provisions of section 7483, Revised Statutes of Missouri 1909, and justice Slater had no jurisdiction to render said judgment and the same should be annulled and vacated. See section 7483, Revised Statutes of Missouri 1909. (3) The circuit court of the city of St. Louis has the power and jurisdiction to vacate and annul and enjoin a judgment which has been obtained when it would be against conscience to permit it to stand. Smoot v. Judd, 161 Mo. 673. (4) Plaintiff's remedy is a bill in equity whereby she attacks the judgment rendered in an action at law, which appears to be regular upon its face. Second Freeman on Judgments (4 Ed.), section 495; Owens v. Ranstead, 22 Ill. 161. (5) A judgment by default rendered on a false return will be set aside and its execution enjoined in a court of equity. Krafts v. Dexter, 8 Ala. 767; Rice v. Tobias, 89 Ala. 214; Bell v. Williams, 1 Head (Tenn.) 229; Ridgway v. Bank, 11 Humph. (Tenn.) 523; McNeil v. Eddy, 24 Kan. 103.

*Homer G. Phillips* for respondent.

(1) The judgment in this case is for the amount mentioned in the summons issued by the justice and within his jurisdiction, and even had it been an illegal allowance, a court of equity will not disturb it on such ground alone. Murphy v. DeFrance, 165 Mo. 64; Davis v. Wade, 58 Mo. App. 641; Wyman v. Hardwicke, 52 Mo. App.

621; M., K. & T. Ry. Co. v. Warden, 73 Mo. App. 122.
(2) If the first contention of appellant is true, to the
effect that the judgment was rendered for a greater sum
than claimed in the petition, then she has no standing in
a court of equity for the matter complained of could only
be error, and our statute specifically provides that,
"Every such injunction shall operate as a release of all
errors in the proceedings that are sought to be enjoined."
Revised Statutes of Missouri, 1900, sec. 2521; Price v.
Johnson County, 15 Mo. 302; Hazelline v. Rench, 51 Mo.
50; McKenney v. Clark, 84 Mo. App. 627. (4) Appellant
by seeking to enjoin the collection of the judgment in
question released any and all errors in the proceedings
before the justice, if any there were. By resorting to
this action she brought into full force and effect the pro-
visions of the statute protecting judgments from the at-
tack she herein seeks to maintain. Revised Statutes of
Missouri, 1909, section 2521; St. Louis & San Francisco
Ry. Co. v. Lawder, 138 Mo. 538, Straub v. Simpson, 74
Mo. App. 230. (5 "If the justice of the peace had ac-
quired no jurisdiction, as the petition alleges, the railway
company has no need to come into a court of equity to en-
join proceedings which are void *ab initio*. If the judg-
ment of justice is void, then will the execution issued there
on be void also, and equity will not interfere to do a nuga-
tory act. The remedy of the railway is ample and ade-
quate at law, and this prevents the interposition of a
court of equity, as a suit could be maintained against the
constable as a trespasser." St. Louis, Iron Mountain &
Southern Ry. Co. v. Reynolds, 88 Mo. 146; Sayre v.
Thompkins, 23 Mo. 443; Dean v. Todd, 22 Mo. 90; Bank
v. Meredith, 44 Mo. 500; Strobel v. Clark, 128 Mo. App.
48. (6) There is a positive absence in this case of any
showing of fraud in the procurement of the judgment
complained of. "To authorize a court of equity to set
aside the judgment of another court, it must appear that
there was fraud in procuring the judgment; an illegal
allowance or error is insufficient." Murphy v. DeFrance,
supra; Davis v. Wade, supra; Wyman v. Hardwicke,

supra; M., K. & T. Ry. Co. v. Warden, supra. (7) In appellant's motion for a new trial and in her supplemental motion thereto she alleges that the judgment complained of. was null and void and of no effect. If her contention be true, the action of the learned trial judge in dismissing her bill cannot be questioned as to being correct. If the proceedings before the justice were void, then appellant failed to state a cause of action and has no standing in a court of equity. McClanahan v. West, 100 Mo. 232; Taylor v. Todd, 48 Mo. App. 555; Southern Railway Company v. Reynolds, 89 Mo. 146. (8) The notice in this case was served exactly in accordance with the provisions of the statute, but had it not been served according to the statute, such failure would not have rendered the judgment void. The justice had jurisdiction of the persons and of the subject-matter. Cullen v. Collison, 110 Mo. App. 174. The constable's return on the notice in this case is conclusive on the parties to it. If the notice was improperly served or the return false the constable will answer in a suit against him for false return, and a court of equity will have no jurisdiction in the premises, the party having his or her action at law Newcomb v. Railroad, 182 Mo. 704-705; Hallowell v. Page, 24 Mo. 593.

STATEMENT.—This suit was filed in the circuit court of the city of St. Louis, in equity, to vacate, set aside and declare null and void and of no effect, a judgment theretofore rendered by default by a justice of the peace in one of the districts of the city of St. Louis, and to enjoin and restrain the defendant, respondent here, from causing the clerk of the circuit court of the city of St. Louis, from issuing any *alias* writ of execution or other legal process in said cause, and for such other and further relief as, the premises considered, may seem proper.

A temporary injunction having been granted, defendant filed her motion to dissolve same, and upon a hearing thereof the court sustained the motion to dissolve the injunction and dismissed plaintiff's petition, and the plaintiff prosecutes this appeal.

The original suit in which judgment was rendered, out of which the present suit in equity to vacate, etc., arose, was brought by Annie Hughes against Margaret G. Ryan in the justice of the peace court for the 5th district of the city of St. Louis, to recover damages alleged to have been sustained by her in consequence of the breaking down of a porch attached to premises leased by plaintiff from the defendant. A change of venue from the justice to whom the cause had been filed to another justice of the same district, was allowed on the application and affidavit of the defendant in said cause, and in conformity therewith the original papers, together with the transcript of the docket entries, were transferred to the new justice on July 31, 1913. On August 4, 1913, this justice issued a notice that the papers in the case had been filed with him and that he had set the cause down for hearing on August 29, 1913, at his office in said district. The constable to whom this notice was given for service returned same with the endorsement that the defendant did not live at the address given but had moved to Russell avenue, at some place not found. Thereafter, on August 18, the justice issued another notice of like import, on which the constable made a return that, after diligent search, the defendant was not found in the city of St. Louis. A third notice was issued on September 22, 1913, on which the constable made a return on the 27th day of September, 1913, that, "After diligent search the within named defendant was not found in said city." On October 3, 1913, the justice issued a fourth notice notifying the defendant in the said cause that a change of venue had been taken to his court and that the cause was set for hearing October 17, 1913, at seven o'clock in the forenoon in his office, 706 Chestnut street, in the city of St. Louis. The constable received this fourth notice on October 3, 1913, and on the 7th day of October, 1913, he made his return on it to the effect that he had served it by posting the notice in the court room of the justice, 706 Chestnut street, in the city of St. Louis. On the day set, October 17, 1913, the cause was called and taken up and judgment rendered by default in favor of

plaintiff and against the defendant for the sum of $500, together with costs. A transcript of this judgment was filed in the office of the clerk of the circuit court of the city of St. Louis on the 4th day of November, 1913, and an execution issued out of that court.

The defendant, Margaret G. Ryan, thereupon on the 11th day of November, 1913, filed her motion in the circuit court to quash that execution, alleging, as the grounds for the motion, that the judgment rendered by the justice was null and void for the reason that no service had been had upon her, the defendant, as provided by section 7483, Revised Statutes of Missouri, 1909, and because the judgment, as rendered by the justice, was a nullity for the reason that the said justice had no jurisdiction over the person of the defendant because there was no valid and legal judgment upon which to bottom an execution. Upon a hearing the motion to quash was overruled; no appeal nor any writ of error was sued out thereon.

Thereafter the said Margaret G. Ryan, defendant in the justice court below, filed her petition in the circuit court, setting out the proceedings had in the cause before the justice, who entered the judgment, and averred that it was the intention of the said Annie Hughes, the holder of said judgment, to cause the clerk of the circuit court of the city of St. Louis to issue an *alias* execution on the transcript of the said judgment filed with said clerk, commanding the sheriff to levy on the goods, chattels and real estate of the said Margaret G. Ryan to make the debt and costs of the judgment, and that the execution thereon will issue as aforesaid unless the court would restrain and enjoin the doing of the same. Section 7483, Revised Statutes of Missouri, 1909, is set out in full in the petition and it is alleged that, at the time of the institution of the cause before the justice and in point of fact at all times since, the defendant, in the cause before the justice, was a resident of the city of St. Louis, State of Missouri, and was the owner of real and personal property, and that the plaintiff, in the cause before the justice, prior to the institution of said cause had been a

tenant of said defendant, residing in the immediate neighborhood of her residence, and alleges that it became the duty, after the change of venue, of the new justice to cause a notice of the pendency of such cause before him and the date set by him for the hearing of it, to be served on the said defendant, and alleged that such notice was not given and that she was never directly nor indirectly notified by the said justice that the cause was set for trial before him although she was then and for a long time prior thereto had continuously been a resident of the city of St. Louis, and further averred that she had no knowledge of the rendition of the judgment in the cause until after the transcript of the said judgment had been filed in the office of the clerk of the circuit court and execution was had thereon, and further averred that the plaintiff in the cause before the justice, and her attorney, well knew that she was a resident of the city of St. Louis at the time of the issuance and posting of the notices and the rendition of the judgment, and that she had been a resident for a long time prior thereto, and averred that the notice posted in the office of the justice had been posted by the said plaintiff and her attorney and was not a lawful notice and was void and of no effect; that the justice had no right or authority to render the judgment, but that the judgment was without warrant or authority of law; was improper, irregular and premature; and that the statement brought before the justice and upon which judgment was rendered failed to state facts sufficient to constitute a cause of action in favor of plaintiff therein and against the said defendant therein; that she is without a remedy at law in the premises and that if the judgment be not annulled, vacated, and set aside, and declared null and void and of no effect, the plaintiff in the cause before the justice would enforce the judgment by causing the clerk of the said court to issue an *alias* execution on the transcript thereof commanding the sheriff to make it out of the goods, chattels and real estate of the plaintiff and that thereupon it will become a lien and cast a cloud upon her title to her real estate situated in the

city of St. Louis, wherefore she prayed that the judgment rendered by the justice on October 17, 1913, in favor of said Annie Hughes, made defendant in that action and who is respondent here, and which judgment was against the plaintiff in that cause of action, appellant here, be annulled, vacated and set aside and declared null and void and of no effect, and that the said Annie Hughes be enjoined and restrained from causing the clerk of the circuit court of the city of St. Louis from issuing any *alias* writ of execution or other legal process in said cause, and for general relief.

A temporary injunction was granted, as prayed, whereupon the defendant in her return sets up the several mattters averred outside of said returns, and moves to dissolve the temporary injunction.

At the hearing, by stipulation between counsel for both parties in open court, the return to the order to show cause was treated as defendant's answer, and the hearing was had upon the petition, return and motion to dissolve the temporary injunction. Oral testimony was introduced by the plaintiff; none by the defendant.

It was admitted at the hearing that the motion to quash the execution, which execution had been issued before that time, had been filed and upon hearing overruled and no appeal taken therefrom, and there was evidence tending to prove that the notice of the change of venue, referred to as having been posted in the office of the justice, had been posted in that office by the constable or under his direction at the time mentioned in the return. There was also evidence tending to show the residence of the plaintiff in the city of St. Louis at all times in question in the case, such testimony as to residence being introduced over respondent's objection, the objection being that it tended to contradict the return, and the testimony was taken subject to such objection and the court stated it would pass upon same at the close of the case. No objection or exception to the action of the court in this regard was made at the time. At the conclusion of the hearing the court adjudged that the defendant's motion to dissolve the temporary injunction

be sustained and that the plaintiff's petition be dismissed. Plaintiff appeals.

BECKER, J., (after stating the facts).—The evidence clearly shows that Margaret G. Ryan, the defendant in the cause before the justice, was a resident of the city of St. Louis at the time the cause was transferred by change of venue to another justice, and that she was a resident of the said city during all the time from that date to the date of the rendition of the judgment. The notice that the cause had been transferred by change of venue and had been set for hearing, and giving the date thereof, required by section 7483, Revised Statutes of Missouri, 1909, the compliance with which was relied upon as having been had by posting the notice in the office of the justice at 706 Chestnut street, was not warranted by virtue of the provisions of said section.

Section 7483, supra, provides that—

"The justice to whom the cause is sent shall, when he becomes possessed of the cause, forthwith proceed with the same in like manner as if it had been originally commenced with him, and he shall set the same for trial and cause the parties to be notified thereof, in writing, which notice shall be served upon the parties not less than five nor more than fifteen days before the date set for such trial. The notice may be served in like manner as an original writ of summons, and if any party does not reside in the county where the suit is pending the service upon such party may be had by posting such notice in the office of the justice to whom the cause is sent . . .

The uncontradicted testimony shows that from the time of the filing of the original suit in the justice court and continuously until after the rendition of the judgment complained of, the defendant resided in the city of St. Louis. She was living at 2329 Eugenia street at the time the suit was instituted and service was had upon her there, and, after having taken the change of venue, and some time in the early part of July, 1913, said defendant moved to 2749 Russell avenue, where she resided

continuously until after the 17th day of October, 1913, the date upon which the judgment was rendered. The justice issued and delivered to the constable for service, in all, four notices of change of venue, and the date set for the hearing of the cause. It is not necessary to quote the dates thereof, it is sufficient to note the constable's returns thereon in their respective order:

1. "The within named defendant does not live at the within given address any more; *has moved on Russell avenue some place* (not found)."

2. "Served the within notice in the city of St. Louis, Mo., this 23rd day of August, 1913; after a diligent search the within named defendant not found in said city."

3. "Served the within notice in the city of St. Louis, Mo., this 27th day of September, 1913; after a diligent search the within named defendant not found in said city."

4. "Served the within notice in the city of St. Louis, Mo., this 7th day of October, 1913, by posting the within notice in the court room of Justice Frank M. Slater, 706 Chestnut street."

On the day set for the hearing of the case, as set forth in the last given notice, which was posted in the court room of the justice, the case was called on the 17th day of October, 1913, and a judgment by default was granted in favor of the plaintiff and against the defendant in the sum of $500, together with costs.

It must be noted that the return of the constable necessarily relied upon by the plaintiff in the case before the justice as a compliance with section 7483, Revised Statutes of Missouri, 1909, does not state that the defendant does not reside in the county where the suit is pending—in this case, the city of St. Louis. The return of the constable to the first notice clearly shows that the constable had found the plaintiff to have moved from Eugenia street to Russell avenue in the city of St. Louis, and the next two returns of the constable merely recite the fact that, after diligent search, the defendant was not found in the city of St. Louis. In view of these

returns, taken together with the undisputed testimony that the defendant during the entire time and for many years prior thereto, had been a resident continuously of the city of St. Louis and had in point of fact moved from Eugenia street to Russell avenue, as was indicated by the constable's first return, we must hold that there was no service of notice on the defendant as required by section 7483, Revised Statutes of Missouri, 1909, and, therefore, whilst the judgment thereafter rendered by the justice was not void, yet such judgment was premature. [Cullen v. Collison, 110 Mo. App. l. c. 177, 80 S. W. 290.]

We are well aware of the rule of law that, "The return of the sheriff for the purposes of a suit is conclusive on the parties to it. . . . To permit the parties to an action to controvert the truth of the return of the officer deputed by law to serve process would produce great delay and embarrassment in the administration of justice." [Hallowell v. Page, 24 Mo. l. c. 593; Newcomb v. Railroad, 182 Mo. l. c. 704, 81 S. W. 1069, and cases there cited.] And, "Even if the statements in his return are not true and the defendant suffers by reason thereof, the officer will answer in a suit against him for false return." [Newcomb v. Railroad, supra.] But, in the instant case, it is not attempted to controvert the truth of the return of the constable, for the return itself in no wise states or even intimates that the defendant was a nonresident of the city of St. Louis. And as the defendant was, in point of fact, a resident of the city of St. Louis, the posting of the notice in the justice's court was not warranted by the statute, which is an irregularity, as we have set out above, which makes the judgment thereafter rendered voidable. [Hess v. Fox, 140 Mo. App. l. c. 440, 124 S. W. 83.]

The irregularity in the serving of the notice is sufficient to invoke the aid of a court of equity, provided that the defendant has a meritorious defense and that her failure to assert her defense at the trial was not the result of her own negligence. That this is the law has long since been determined in this State. [Hess v. Fox,

supra; Sauer v. City of Kansas, 69 Mo. 46; Goldie Const. Co. v. Rich Const. Co., 112 Mo. App. 46, 86 S. W. 587; Stevermark v. Landan, 121 Mo. App. 147, 99 S. W. 41.]

The respondent, however, has argued that, even if the court should hold that the judgment was irregular in the manner above set out and, therefore, voidable, there was no showing that the defendant in the case. before the justice had a meritorious defense. This position is not tenable, for the reason that the statement filed by the plaintiff before the justice can only be construed to be a demand for the sum of $300, when, in point of fact, the justice rendered a judgment therein in favor of the plaintiff and against the defendant in the sum of $500 and costs. This appears clearly from the statement filed in the justice court, as follows: "That in consequence of the injuries received by the plaintiff, as aforesaid, by the means aforesaid, and in the manner aforesaid, the plaintiff has sustained loss and permanent injuries; suffered great pain both of body and mind; lost much valuable time and been put to great expense for medicine and has become liable for medical attendance in being treated for said injuries, to-wit, in the sum of $200, to her damage in the sum of $300, for which she sues and prays judgment." It thus clearly appears that the defendant in the justice's court in all events has a meritorious defense *pro tanto,* to the extent of $200, against the judgment as rendered by the justice, and we hold that this is a sufficient showing to satisfy the requirement that, before the defendant shall be entitled to invoke the aid of a court of equity, it must appear that she has a meritorious defense. The showing made satisfies the requirement that a court of equity should not be asked to do a useless thing.

The evidence adduced at the trial in the circuit court is uncontradicted that the defendant in the justice case was waiting for a notice when the case would come up for hearing and that she had no knowledge of any setting of the case nor of any judgment rendered therein until a deputy sheriff served her with some paper, the exact nature of which is not disclosed by the record, but from

which paper defendant learned, for the first time, that judgment had been rendered against her in the case before the justice. In view of all the facts, we cannot say that defendant's failure to assert her defense at the trial before the justice was the result of her own negligence.

We have carefully examined the other points raised in the case, but we do not discuss them in that we find they are not controlling.

The judgment is accordingly reversed and the cause remanded, with directions to the circuit court to enter a decree in plaintiff's favor, setting aside the judgment of the justice of the peace and permanently enjoining plaintiff from attempting to enforce the same, in accordance with the prayer of plaintiffs petition. *Reynolds, P. J.,* and *Allen, J.,* concur.