————o————

JAMES B. GRIFFIN, Defendant in Error, *vs.* LEWIS VAN METER, Plaintiff in Error.

1. *Justice courts—Voluntary appearance—Waiver of notice.*—The voluntary appearance of parties in a justice's court waives all defects in process, as e. g. notice of suit less than fifteen days before trial.

*Error to Harrison Circuit Court.*

*T. J. Dent,* for Plaintiff in Error, cited: Stone vs. Corbett, 20 Mo., 350; Williams vs. Bower, 26 Mo., 601.

*John C. Howell,* for Defendant in Error.

I. Whatever may have been the defects in the summons or

its service, the appearance of defendant cured such defects. (Barnett vs. Lynch, 3 Mo., 369 ; Davis vs. Wood, 7 Mo., 162 ; Bartlett vs. McDaniel, 3 Mo., 55 ; Schalter vs. Hunt, 1 Mo., 651 ; Whiting vs. Budd, 5 Mo., 443 ; Griffin vs. Samuel, 6 Mo., 50 ; McNair vs. Biddle, 8 Mo., 257 ; Whittlesey's Mo. Prac., 195–6 ; W. S., (2nd Ed.) 815, § 16 and note.)

SHERWOOD, Judge, delivered the opinion of the court.

Griffin brought suit against Van Meter before a justice of the peace, to recover possession of a certain bay colt, alleged in the complaint to be worth $35.00.

The writ was issued on the 23d, served on the 24th, and made returnable on the 30th, of October. The transcript of the justice shows, that on the return day the parties appeared and " agreed to go into trial of said right of property." This trial resulted in a judgment for the plaintiff, from which the defendant appealed to the Circuit Court, and a like result attended the trial there.

The defendant filed his motion in that court (but whether prior or subsequent to the trial last mentioned, does not appear) to dismiss the suit on the ground, that as the process had not been served on him fifteen days before the day of the trial of the cause, the justice had no jurisdiction.

This motion was overruled and exceptions saved.

The motion to dismiss the cause was properly overruled. The justice had jurisdiction over the subject matter of the suit, and the parties voluntarily appeared and went into the trial ; and this waived any and every defect in the process. 2 Wagn. Stat., 813, Art. 2, § 4, provides, that " Suits may be instituted before a justice either by the voluntary appearance of the parties or by process." It is true that consent of parties cannot confer jurisdiction—that is, such consent could not give a court the right or authority to adjudicate a matter over which the law had not given such court control. For instance, the agreement of the parties could not confer authority on a justice of the peace to try a case involving the title to real estate, or to take cognizance of an action for

slander. But when a case comes within the scope of the authority conferred by law upon a justice of the peace, it is entirely immaterial, whether the suit be brought by summons or by voluntary appearance; and if the latter, the validity of the proceedings would not be affected, because a void process had been previously issued in the cause.

Judgment affirmed. Judges Napton and Wagner absent; the other Judges concur.