A. E. CULLEN, Respondent, v. ELIZABETH COLLISON, Appellant.

Kansas City Court of Appeals, April 4, 1904, and February 6, 1905.

JUSTICES' COURTS: Change of Venue: Notice: Jurisdiction. On a change of venue the justice to whom the case is sent must set the same for trial and cause the parties to be notified, which notice must be served as an original summons. Until the statute is complied with any judgment rendered by the justice is premature but not void or subject to collateral attack, since the court had jurisdiction of the subject-matter and the parties.

Appeal from Grundy Circuit Court.—*Hon. P. C. Stepp,* Judge.

AFFIRMED.

*O. G. Williams* and *W. G. Callison* for appellant.

(1) The holding of the court that the judgment rendered by Justice Embry was voidable only, and not absolutely void, was reversible error. Ryan v. Kelly, 9 Mo. App. 396; Railroad v. Warden, 73 Mo. App. 120. (2) Service of legal process in Justice Linney's court

did not give Justice Embry jurisdiction of the person of defendant. R. S. 1899, secs. 3973, 3974; Laughlin v. Fairbanks, 8 Mo. 367; Caldwell v. Lockridge, 9 Mo. 362. (3) The motion to quash the execution is a direct and not a collateral proceeding. Anderson's Law Dictionary, definition of the word "Collateral;" Webster's Dictionary, same word; R. S. 1899, sec. 3223-4-5; State v. Slavens, 75 Mo. 510; State v. Barclay, 86 Mo. 56; Norton v. Quimby, 45 Mo. 391; Johnson v. Latta, 84 Mo. 142; Dillon v. Rash, 27 Mo. 244; Ruby v. Railroad, 39 Mo. 484; Wernecke v. Wood, 58 Mo. 356. When it was shown the trial judge that the process of "elimination by substitution" had been applied to the void judgment of Embry for the evident purpose of rendering it only voidable and that the transcript judgment filed was a falsity, he should have quashed the execution issued thereon if no other reason appeared. No party can take advantage of his own wrong. Trigg v. Ross, 35 Mo. 168; Medlin v. Platt Co., 8 Mo. 239; Lubbering v. Kohlbrecher, 22 Mo. 598; Lee v. Harman, 84 Mo. App. 161; Bresnehen v. Price, 57 Mo. 424; Bank v. Hober, 8 Mo. App. 176. (4) In proceedings like this the plaintiff must always stand sponsor for his judgment, whether it be only an irregular or voidable one, or a judgment that is absolutely void upon the face of the whole record. Bauer v. Bauer, 40 Mo. 61; James v. Roy, 59 Mo. 280; Triggs v. Ross, 35 Mo. 165; Pratt v. Canfield, 67 Mo. 50; Cochran v. Thomas, 131 Mo. 272.

*H. A. Kerr* and *S. S. Kelso* for respondent.

(1) The only evidence offered or attempted to be offered at the hearing in circuit court was that of Justice Embry as to the notice and his testimony shows that he made two entries one of which recited as follows: "May the 16, 1901, notice returned executed as the law directs." Now it was for the court to determine and not the defendant whether the notice was

sufficient or not. Railroad v. Warden, 73 Mo. App. 121. A return served as the law directs, held good in 45 Mo. 391. (2) ''A complaint which admits some notice but assails the judgment because of the insufficiency of such notice would appear to be a collateral attack.'' Railroad v. Warden, 73 Mo. App. 117. That a judgment regular on its face cannot be attacked collaterally is so elementary as to require no citations of authority, but we cite: Livingston v. Allen, 83 Mo. App. 294; Ibid, 83 Mo. App. 79; Bedford v. Sykes, 168 Mo. 8; Reed v. Nicholson, 158 Mo. 624. (3) What is a collateral attack? Johnston v. Realty Co., 167 Mo. 325. (4) None of the authorities cited in appellant's brief have any application to this case.

BROADDUS, J.—This suit was instituted by plaintiff on an account against defendant before a justice of the peace in Trenton township. On defendant's application a change of venue was granted and the cause sent to W. H. McGrath, a justice in the same township. Thereupon, plaintiff applied also for a change of venue and the cause was sent to J. B. Embry, a justice of the peace in Jefferson township, who issued a notice directed to defendant notifying her of the change in time and place of trial, etc. This notice was served upon W. G. Callison, defendant's attorney, as shown by the return of the officer. On the day named for the trial, defendant did not appear and judgment was taken against her by default. The plaintiff on the 25th of February, 1902, filed a transcript of her judgment before said Embry in the office of the clerk of the circuit court of the county upon which an execution was duly issued. Whereupon, defendant filed her petition in vacation with the circuit judge of the county setting up the foregoing facts and asking that the said judgment be stayed. The judge granted the order. When the case came before the court in session the order staying the execution was vacated and the motion

to quash the execution was overruled.    Defendant appealed.

The contention of defendant is that Justice Embry had no jurisdiction to render said judgment because the law required that the said notice be served on the defendant and not her attorney.    Section 3974, Revised Statutes 1899, provides that a justice to whom a cause is sent shall set the same for trial and cause the parties to be notified thereof in writing, which notice shall be served on the parties not less than five nor more than fifteen days before the day fixed for such trial.    The notice may be served in like manner as an original writ or summons.

There is no question but what the notice was not served in the manner directed by the statute; and until the statute in that respect was complied with, or such notice was waived, any judgment rendered by the justice was premature.    But it was not void.    The court had jurisdiction of the subject-matter of the suit and of the parties.    When the court has jurisdiction of the parties and the subject-matter its judgment is not open to collateral attack, even though rendered prematurely. [Reed Bros. v. Nicholson, 158 Mo. 624.]    "It is a well-established principle that a judgment regular on its face can not be impeached collaterally, and this rule applies to judgments rendered by justices of the peace." [Livingston v. Allen, 83 Mo. App. 294.]

The law is too well settled for controversy.    All concur.