IDALIA REALTY & DEVELOPMENT COMPANY,
Respondent, v. W. W. NORMAN, Appellant.

St. Louis Court of Appeals.    Submitted on Briefs June 4, 1914.
Opinion Filed June 20, 1914.

1. **APPELLATE PRACTICE: Scope of Review: Matters Considered.**  The venue of a case instituted before a justice of the peace was changed, on defendant's application, to another justice, who rendered judgment by default against defendant. Defendant appealed from this judgment to the circuit court, and the justice, after sending a transcript to the clerk of the circuit court, wrote a letter to the clerk, stating that no notice of change of venue was sent, but that the transcript showed a verbal notice, which defendant had agreed to accept. On a hearing in the circuit court, on a motion filed by defendant to dismiss the cause, on the ground that the court was without jurisdiction, by reason of the fact that no notice was served upon him of the setting of the case for trial before the justice to whom the case was sent on change of venue, as required by Sec. 7483, R. S. 1909, defendant, in testifying, referred to this letter.  The circuit court overruled the motion, and defendant appealed to the court of appeals, setting out the letter in the abstract of the record filed by him in that court. Respondent challenged the right to have the letter considered, on the ground that it had not been introduced in evidence in the case. *Held,* that, in view of the fact that defendant referred to the letter in his testimony, it would be considered by the appellate court.

2. **JUSTICES' COURTS: Change of Venue: Notice of Trial: Waiver.**  The requirement of Sec. 7483, R. S. 1909, that a justice of the peace to whom a change of venue is taken shall give the parties written notice of the time the case is set for trial, may be waived and a verbal notice accepted.

3. **PROCESS: Service: Waiver.**  The issuance and service of a summons may be waived.

4. **EVIDENCE: Evasive Evidence.**  Evasive evidence, of the "I don't remember" class, is always of doubtful probative force.

5. **JUSTICES' COURTS: Change of Venue: Waiver of Notice of Trial: Sufficiency of Evidence.**  A finding of the circuit court, on appeal from a justice of the peace, who became possessed of jurisdiction of the case through a change of venue from the justice before whom the suit was instituted, that defendant had waived written notice of the time the case was set for

trial, as required by Sec. 7483, R. S. 1909, and had agreed to accept verbal notice thereof, *held* sustained by substantial testimony.

6. **APPELLATE PRACTICE: Conclusiveness of Finding.** A finding of the circuit court, on appeal from a justice of the peace, who became possessed of jurisdiction of the case through a change of venue from the justice before whom the suit was instituted, that defendant had waived written notice of the time the case was set for trial, as required by Sec. 7483, R. S. 1909, and had agreed to accept verbal notice thereof, was as conclusive on the court of appeals as is the finding of the circuit court on any other fact.

7. **JUSTICES' COURTS: Change of Venue: Notice of Trial: Conclusiveness of Docket Entries.** While Sec. 7404, R. S. 1909, does not mention the time or fact of service of notices as being one of the items to be entered by a justice of the peace in his docket, Sec. 7406 authorizes the entry "of any other proceedings . . . in the cause," and these statutes, construed together, warranted an entry of service of notice of the setting of a cause for trial after a change of venue, as required by Sec. 7483, R. S. 1909, which entry was as conclusive as any other entry and subject to correction only in the manner provided by Sec. 7576.

8. ————: ————: ————: **Waiver: Effect of Appearing.** A defendant, against whom a judgment was rendered by default by a justice of the peace to whom a change of venue had been taken, did not, by appealing therefrom and appearing in the circuit court solely to move to dismiss the cause for lack of jurisdiction, waive the right to raise the objection that no notice was given him of the setting of the case for trial by such justice, as required by Sec. 7483, R. S. 1909.

9. ————: **Appeal to Circuit Court: Trial De Novo.** Sec. 7579, R. S. 1909, providing that, upon a return of a justice of the peace being filed, after an appeal has been taken, the circuit court shall be possessed of the cause and shall try it anew, without regard to any error, defect or imperfection in the summons or its service or in the trial, judgment or other proceedings of the justice or constable, is mandatory, and, under it, the failure of a justice, to whom a change of venue is taken, to give the parties notice of the setting of the case for trial could not be taken advantage of in the circuit court, on appeal from such justice, since the failure to give the notice was a mere defect or imperfection in the proceedings of the justice, or of the constable, who is required to serve it.

Appeal from Stoddard Circuit Court.—*Hon. W. S. C. Walker*, Judge.

AFFIRMED.

*Sheppard & Green* and *Hope, Green & Seibert* for appellant.

(1) No notice as required by Sec. 7483, R. S. 1909, of the setting of this cause and of the granting of the change of venue herein to justice C. A. Crane having ever been served upon appellant W. W. Norman, justice of the peace C. A. Crane was without any jurisdiction to render any judgment whatever against this defendant, and therefore the circuit court of Stoddard county was without any juridiction to render the judgment herein against this appellant. Sec. 7483, R. S. 1909; Cullen v. Collison, 110 Mo. App. 174; Insurance Co. v. Foster, 56 Mo. App. 197; Hess v. Fox, 140 Mo. App. 437. (2) The appellant did not, by appealing from the judgment rendered by justice of the peace Crane and by appearing on appeal solely for the purpose of moving the circuit court of Stoddard county to dismiss the case on the ground that the circuit court of Stoddard county had obtained no jurisdiction, waive the absence of service of the notice of change of venue upon him or confer jurisdiction over his person. Mfg. Co. v. Railroad, 167 Mo. App. 683; Meyer v. Phoenix Ins. Co., 184 Mo. 481; Bente v. Remington Typewriter Co., 116 Mo. App. 77; State ex rel. v. Ayers, 116 Mo. App. 90; Nenno v. Railroad, 105 Mo. App. 551.

*Wammack & Welborn* for respondent.

(1) Unless a person makes a timely objection that a court has not jurisdiction over the person, waived such objection. Meyer v. Ins. Co., 184 Mo. 488. (2) The recital of the justice's transcript that the appellant was given due notice and was duly served with notice of the time at which the cause would be

heard before justice Crane, was sufficient evidence for the circuit court to find that said notice had been given appellant as required by law. This recital could not be overcome by the mere verbal statement of the appellant that he was not notified. If this recital was wrong, the appellant should have had the justice to correct his transcript. Sec. 7576, 7577, R. S. 1909. (3) It was not essential that the appellant be given written notice. He could waive such notice. He could voluntarily appear to the action and an appearance before the justice and an agreement that he would not require written notice was waiver of such written notice, and an entry of his appearance. Sec. 7485, R. S. 1909; Pry v. Railroad, 73 Mo. 127; Peters v. Railroad, 59 Mo. 406; Orear v. Clough, 52 Mo. 55. (4) By taking the appeal the appellant entered his appearance in the circuit court and the only authority that court had was to try the case anew. The judgment of the justice was vacated when that appeal was taken, and all defects and imperfections of the justice of the peace in relation to the cause must then be disregarded. Secs. 7568, 7579, R. S. 1909; Whitting v. Railroad, 101 Mo. 635; Fitterling v. Railroad, 79 Mo. 505; Gant v. Railroad, 75 Mo. 503.

REYNOLDS, P. J.—This action was commenced before a justice of the peace to recover rent for seven years' occupation of described land in Stoddard county, covering the years from August 16, 1904, to August 16, 1911, at a yearly rental of twenty-five dollars. On the application of defendant the venue was changed from the justice before whom the cause was originally brought, to another justice in the same county. That justice, on the day set for trial before him, the defendant not appearing, entered up judgment by default for the rent claimed. From this defendant appealed to the circuit court. When the cause was called for trial, appellant, defendant below, ap-

pearing only for that purpose, moved to dismiss the cause on the grounds that the justice had no jurisdiction over his person, and hence no jurisdiction to render any judgment against him; that the circuit court was without jurisdiction over his person; that no notice, as required by law, was ever served upon him of the setting of the cause for trial before the justice to whom the cause had been sent on change of venue, hence that justice had no jurisdiction to render any judgment against him. The court, after hearing testimony on the motion, overruled it, and defendant refusing to proceed further, heard the cause on its merits, and plaintiff remitting rental for the year ending August 16, 1911, entered judgment in favor of plaintiff for $150 for the remaining years. From this judgment, filing a motion for a new trial and excepting to the action of the court in overruling it, defendant has duly perfected his appeal to this court.

Here the learned counsel for appellant make two assignments of error. First, that no notice as required by section 7483, Revised Statutes 1909, of the setting of the cause and of the granting of the change of venue having ever been served upon him, the justice was without jurisdiction, consequently the circuit court had none; second, that appellant did not, by appealing from the judgment rendered by the justice and by appearing on appeal solely for the purpose of moving the circuit court to dismiss the case on the ground of lack of jurisdiction, waive the absence of service of notice of change of venue upon him nor confer jurisdiction over his person.

As to the first assignment, the transcript of the justice of the peace sent up to the circuit court, sets out that on the 21st of August, 1911, the day set for trial of the cause before that justice, the plaintiff came and the defendant, "although three times called, comes not but makes default, and it appearing that the defendant was duly served with notice more than

ten days before the trial hereof and it further appearing from the evidence produced by the plaintiff that said plaintiff is entitled to recover of the defendant the sum of $175, it is further ordered and adjudged by me that the said plaintiff recover of said defendant the said sum of $175, together with costs of suit taxed at $6.80." This is signed by the justice. Following this is an entry, also signed by the justice, that on the 31st of August, 1911, defendant filed his affidavit and bond for appeal which was granted. Following this is the statement of costs and the certificate of the justice that the above "is a full and true transcript of all the proceedings before me in the above-entitled cause, as the same appears of record on my docket, together with all the original papers filed in the cause." It appears that, after sending this transcript to the clerk of the circuit court, the justice wrote a letter to that officer, saying that he had failed to send the affidavit and bond for appeal which he therewith inclosed. He adds: "You will further notice that no notice of change of venue was sent, but transcript shows a verbal notice, which Mr. Norman agreed to accept." While this letter appears in the printed abstract furnished us by counsel for appellant, its appearance is challenged by counsel for respondent as a paper which was not in evidence in the case. We have concluded to notice it, as defendant, in testifying, undoubtedly refers to it, being asked by his counsel if he had heard the statement read, evidently referring to this letter, that he had agreed to accept verbal notice from the justice of the peace, and asked if he had made that agreement. This was objected to as contradicting the docket entries of the justice and so incompetent, as was also all of the testimony of defendant on that line. The objection was overruled, plaintiff excepting. Defendant answered that he did not. He was then cross-examined by counsel for respondent as to remembering a conversation he had

in Dexter with the justice of the peace about the time the suit was taken before him on change of venue, in which the justice told him that the case had been brought before him on the change of venue and asked if he would require that the justice give him a written notice, defendant answered that if he did, he didn't remember. He was asked if he had any conversation with the justice at that time about the setting of the case. He answered that if he did he didn't remember. Asked how he came to know about the case, he stated that he thought that, on taking the change of venue from the first justice, he had learned that it would be sent to the other. Asked if he never had had any information from the justice to whom the case was sent on change of venue that the case was before him, he answered that he had no written notice. Asked if he had any information from him at all, he answered that he thought he knew the case was before that justice but thought that he learned it when the change of venue was taken. Asked if the justice to whom the case went on change of venue had ever told him that the case was before him, he answered that he didn't remember whether he told him or not but he knew the case was there. Asked if he would say that that justice hadn't told him, he answered that if he told him he didn't remember it. Asked if he had not told that justice at any time or place that it wouldn't be necessary for him to serve him with a written notice, that he would be there to defend that case, he answered, "I don't know that I did, because I never had any written notice served on me." That is all the testimony in the case as to the failure to give notice.

It is true that the statute, Revised Statutes 1909, section 7483, provides that a justice to whom a case is sent on change of venue, when he becomes possessed of it, shall set it for trial "and cause the parties to be notified thereof, in writing, which notice shall be served on the parties not less than five nor more than

Development Co. v. Norman.

fifteen days before the day fixed for such trial." We
know of no rule of law by which a party may not waive
this written notice and accept verbal notice as in any
other matter or case.  Even issue or service of a sum-
mons may be waived.  [Griffin v. Van Meter, 53 Mo.
430.]

The learned counsel for appellant cite us to
Phoenix Ins. Co. v. Foster, 56 Mo. App. 197; Cullen
v. Collison, 110 Mo. App. 174, 80 S. W. 290; Hess
v. Fox, 140 Mo. App. 437, 124 S. W. 83, in support of
their contention that the justice not having served a
written notice upon defendant, was without any juris-
diction.  We do not think that any of these cases sus-
tain this position.  Phoenix Ins. Co. v. Foster went off
on the proposition that the lodging of the note, which
was the foundation of the action, before a justice of
the peace was a requisite to confer jurisdiction and
that must by some means be made to appear by the
record, and, if the action is founded on a note which
is not filed with the justice, he acquires no jurisdic-
tion.  Cullen v. Collison, supra, provides that the no-
tice for change of venue must be served in the same
manner as a summons.  Nothing whatever is said,
however, about the right to waive it.  Hess v. Fox,
supra, holds that notice of the change of venue served
on the attorney on the day of the trial is not sufficient.
None of these cases are applicable nor settle this
point.

This motion was heard and determined before the
circuit court on the transcript of the justice and oral
testimony.  The court had before it the docket entry
of the justice, reciting that notice had been served,
and heard the testimony of the defendant.  It is ob-
vious that defendant's contention turns upon the fact
that he had no written notice.  Speaking in the most
charitable way of his testimony as to actual notice
and waiver of written notice, it is to be said of it that
it was exceedingly evasive—of the "I don't remem-

ber'' class, always of doubtful probative force. In fact, appellant's claim of want of notice does not strike us with any favor. He is the one who applied for and was granted the change of venue. It is unreasonable to suppose that, having done that, he shut his eyes and ears to all subsequent proceedings following that. The finding of the court of the fact that verbal notice had been given and written notice waived, is as conclusive upon us as is its finding on any other fact and is certainly sustained by substantial testimony.

Over and above this, we do not think that the entry of the justice in his docket is subject to attack in the manner here attempted.

While it is true that section 7404, Revised Statutes 1909, does not mention entries in the docket of the time or fact of the service of notice, by section 7406, it is provided that the several facts in the preceding sections enumerated, together with all other entries specially required by the article to be made in the docket, shall be entered, "and in addition thereto the justice may enter any other proceedings had before him in the cause, which he shall think is useful to enter in such docket. Construing these two sections together, the justice was warranted in making the entry in his docket of the fact of the service of due notice on the defendant, and when he did so that entry became a docket entry as fully and as conclusively as any other entry, and was only subject to correction or contradiction in the manner provided by law. That law is found in section 7576, which enacts that whenever the court to which the appeal is taken from the judgment of the justice "is satisfied that the return of the justice is substantially erroneous or defective, the court may, by rule and attachment, compel him to amend the same." Looking at these sections and construing them together, a proper and the exclusive, mode of attack on docket entries of the justice must be under this last-named section. As no

attempt was made to have the docket entries of the justice amended under this statute, we hold that they must be accepted as true, and by this docket entry it sufficiently appears that defendant was duly notified and is concluded from setting up in the manner here attempted, that he was not duly notified. This is confirmed by the finding of the circuit court. It follows that the motion to dismiss the appeal was properly overruled.

We might stop here, as this disposes of the case. But as the respective counsel have argued very earnestly the other point, namely, whether by filing his motion in the circuit court to dismiss the appeal, the right to raise the question in our court has been waived, we will notice it. We may say, however, that both counsel seem to be under a misunderstanding as to the effect of the decisions in Meyer v. Phoenix Ins. Co., 184 Mo. 481, 83 S. W. 479, and like cases. All that is held in these cases is that a defendant does not, by appeal from a judgment rendered by a justice of the peace and by timely challenge of the jurisdiction of the court, resuming or making timely challenge in the circuit court, waive the challenge. The real point decided in these cases is that by a timely raising of the objection, the defendant is not concluded from thereafter presenting the same question on appeal. The theory upon which the Meyer case was decided by our Supreme Court is that a party may unite along with his answer to the merits any defenses that he may have that go to the abatement of the cause of action or to the jurisdiction of the court over his person or the subject-matter of the cause, and that by answering to the merits he does not waive his answer or plea to the jurisdiction. That, however, is far from holding that the challenge to the jurisdiction, the objection which defendant makes to jurisdiction, is a valid objection—an objection which under the statute vitiates the action of the justice when the case

comes to the circuit court on appeal. If the act of omission of the justice or of the constable does not fall within those things of which the defendant can avail himself, the decisions in the Meyer case and kindred cases does not help the challenger. In point of fact in the Meyer case, while holding that the appellant had not waived its point, the Supreme Court sustained the action of the trial court in deciding the point against it. That is the case here. The defect urged is a defect of a lack of service in writing of notice of the change of venue. It has been said in several cases that this notice of the change of venue is practically of a character and class of a summons in a case. Certainly it has no higher position than the summons. Our statute, section 7579, says in terms: "Upon the return of the justice being filed in the clerk's office, the court shall be possessed of the cause, and shall proceed to hear, try and determine the same anew, without regarding any error, defect or other imperfection in the original summons or the service thereof, or on the trial, judgment or other proceedings of the justice or constable in relation to the cause." This is a mandatory statute, binding upon all courts. The defect here complained of is, at most, error or imperfection in failing to give notice in writing of the change of venue. It is a defect or imperfection in the proceedings of the justice, or, as these notices are required to be served by the constable, in the failure of the constable to properly proceed. So that under this section 7579, the alleged defect is one which the statute expressly says shall not be taken notice of or regarded on the trial anew before the circuit court.

Holding that defendant was not barred from raising his point on appeal, as held in the Meyer and kindred cases, we hold that the defect of which he complains is a defect of which the statute says no notice shall be taken. The judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.,* concur.