STANDARD ELECTRICAL COMPANY, H. L. HOECKER, OPERATOR, PLAINTIFF IN ERROR, v. MRS. MARION LUGAR, DEFENDANT IN ERROR.—175 S. W. (2d) .58.

Kansas City Court of Appeals.   November 8, 1943.

R. F. Mumford and Ellis G. Cook for plaintiff in error.

1282

*Livengood & Weightman* for defendant in error.

. CAVE, J.—This cause reaches this court on a writ of error directed to the Circuit Court of Nodaway County, Missouri. The plaintiff in error was plaintiff in the lower court and defendant in error was defendant in the lower court, and they will be referred to in that manner.

The facts giving rise to the matters now before us are: In August, 1941, plaintiff instituted a replevin suit in the Justice Court of one Roelofsom, a Justice of the Peace of Polk Township, in Nodaway County, to recover the possession of an electric washing machine which had previously been sold to defendant under an installment payment note and chattel mortgage, which note was then in default. Some time thereafter, defendant was granted a change of venue from the Justice Court of Roelofsom to Justice Ray Eckles in the same township and county. On September 10, 1941, the plaintiff applied for and was granted a change of venue from the Court of Justice Eckles to the Justice Court of James W. Decker, a Justice of the Peace for Hughes Township, Nodaway County. Justice Decker received the transcript and papers from Justice Eckles some time in September. On October 4, 1941, Justice Decker entered this order of record: ''It now appearing that it is impossible for this court to have a trial except on Saturdays and further appearing that many of the witnesses cannot appear on Saturday, it is now necessary that this cause be and it is now continued until May 20, 1942.'' The next record made by Justice Decker is: ''May 2, 1942, telephoned plaintiff and attorney and by agreement of both parties, trial set for May 5, 1942, at one o'clock in the afternoon . . . '' The next entry of record is of May 5, 1942, to the effect that one Horace Merritt (an attorney), representing plaintiff, advised the Justice that plaintiff cannot be ready for trial on the 5th of May ''and upon his request cause again continued until May 20, 1942.'' The next entry is ''May 9, 1942, advised plaintiff H. L. Hoecker and attorney for defendant by mail this date of resetting of cause for May 20, 1942.'' On May 20, defendant appeared in the justice court but the plaintiff came not, and the justice found that that plaintiff was not entitled to the possession of the washing machine described in the replevin suit and ordered return thereof, and assessed the value at $100 and damages for taking and detention at $150, and rendered judgment accordingly. A transcript of the judgment was filed in the Circuit Court of Nodaway County, execution issued and levy made on plaintiff's property. Whereupon plaintiff filed motion to quash the transcript of the record

made in the Court of Justice Decker and to quash the execution and levy thereunder made by the sheriff, for the reason that the judgment rendered by Justice Decker was absolutely void for want of jurisdiction of the justice, as shown by the face of the transcript of judgment. A hearing was had on such motion and overruled by the circuit court, and plaintiff sued out writ of error lodging the cause in this court.

Plaintiff in error asserts "that there is only one issue to be decided in this case. That issue is, did the justice have jurisdiction to render a valid judgment for either litigant on the 20th day of May, 1942?" He contends not, because the record of the justce court "fails to disclose any entry of the fact that he sent, or caused to be sent out, notices *in writing, or to post the notices* in his office of the change of venue *fifteen* days *before* the time fixed for such trial." The burden of his argument is that since the justice's record does not affirmatively disclose the giving or posting of the notice, as required by Section 2642, Revised Statutes Missouri, 1939, that the justice never acquired jurisdiction of the parties or of the subject-matter.

He cites no authority to support that contention but relies on a construction of said section.

This contention cannot be sustained. In the case of Cullen v. Collison, 110 Mo. App. 174, this court, under a set of facts very similar to the present, specifically held that the justice court to which the transcript was sent on change of venue acquired jurisdiction of the parties and the subject-matter even though proper notice was never served or posted under this statute. This ruling was approved in Hess v. Fox, 140 Mo. App. 437, 1. c. 440.

The next question is, did the plaintiff waive the giving of the notice required by Section 2642, *supra*? The records of the justice as above set out clearly indicate that the plaintiff did waive the giving of such notice and consent that the cause be set for trial. However, the oral testimony offered by plaintiff, in the circuit court, was to the effect that he had not consented to a setting of the cause. He did admit that Justice Decker had called him on the telephone concerning the case, but was uncertain about just what was said between them at that time. He immediately went to see his attorney and found he was out of his office, but discussed the matter with attorney Horace Merritt, who was in the same office but not a law partner of plaintiff's attorney. He told Mr. Merritt about the Decker conversation, and said, "I don't know what to do about it", and Mr. Merritt replied, "I will talk to him", referring to Decker, and plaintiff replied, "O. K. and left it to him". Mr. Merritt testified that he remembered talking to the justice and to defendant's attorney over the telephone about the matter and that defendant's attorney advised him that one of defendant's witnesses was soon to be called into military service and that the case would have to be set down for trial and that they

discussed the advisability of a written statement being taken from such witness with the right of plaintiff to object to its relevancy, and Merritt stated that he was sure plaintiff's attorney would agree that be done. He later advised plaintiff's attorney of that conversation. As a result of these conversations with plaintiff and Mr. Merritt, the Justice of the Peace, on May 8th, wrote plaintiff advising him that the trial had been set for May 20th, who took the letter to his attorney, and on May 11th, the attorney wrote the justice acknowledging receipt of the letter and advising that the plaintiff would not appear at such hearing because, under Section 2646, Revised Statutes Missouri 1939, the justice was without any jurisdiction to render a valid judgment because the case was not set for trial within twenty days as provided by said section.

While plaintiff's oral testimony is somewhat in conflict with the record entries of the justice made at the time of the conversations, we are forced to the conclusion that there is very substantial evidence that plaintiff waived the giving of the notice. This would support the order of the trial court in quashing the motion.

While it is true that Section 2642 requires that written notice be given the parties of the setting of the cause for trial, nevertheless it has been specifically held that such notices may be waived and a verbal notice accepted as in any other matter or case. [Idalia Realty & Development Company v. Norman, 184 Mo. App. 146, 1. c. 152; Griffin v. Van Meter, 53 Mo. 430.]

If, as we hold, the giving of the notice was waived, then there is no merit in the contention that Justice Decker lost jurisdiction of the parties and the cause by not setting the case for trial within twenty days, as provided in Section 2646, *supra*. That requirement was also waived.

Finding no reversible error the judgment must be affirmed. It is so ordered. All concur.